STATE ex rel. NEAL, State Bank Com'r, v. JOHNSON et al. (METROPOLITAN CASUALTY INS. CO. OF NEW YORK, Third Party Defendant).

No. 159.

District Court, W. D. of Oklahoma.

June 6, 1940.

Houston E. Hill and John H. Poe, both of Oklahoma City, Okl., for plaintiff.

John Barry, of Oklahoma City, Okl., for defendant Howard C. Johnson.

Claude Monnet and Coleman H. Hayes, both of Oklahoma; City, Okl. (Ames, Cochran, Monnet, Hayes & Ames, of Oklahoma City, Okl., on the brief), for defendant Maryland Casualty Co.

Hal Crouch, of Tulsa, Okl., for third party defendant Metropolitan Casualty Ins. Co., of New York.

VAUGHT, District Judge.

This is an action by the State of Oklahoma ex rel. the Bank Commissioner to recover a money judgment against the Maryland Casualty Company on a fidelity bond carried on Howard C. Johnson, while Bank Commissioner for the State of Oklahoma, said action being predicated upon two alleged judgments arising out of the District Court of Tulsa County, Oklahoma, surcharging Howard C. Johnson in the approximate sum of $10,-400 in his official capacity as Bank Commissioner for excessive attorneys' fees paid out of the assets of the Exchange Trust Company, in violation of the statutes of Oklahoma.

Howard C. Johnson served as Bank Commissioner for the State of Oklahoma prior to and including the period of January 23, 1935, to April 14, 1938, and during this period was in charge of the liquidation of the Exchange Trust Company of Tulsa, Oklahoma, an insolvent banking institution, and in the liquidation of said institution, paid out in attorneys' fees to Mildred D. Bestic and T. Austin Gavin the sum of $10,400 in excess of the sum which the plaintiff alleges the statute provides.

The record discloses that on the 15th of March, 1938, in the District Court of Tulsa County, in Cause No. 57,037 entitled In the Matter of the Liquidation of the Exchange Trust Company, a corporation, a certain journal entry of judgment was entered, in which the court found that one Mildred D. Bestic was a permanent, full-time employee of the Bank Commission and liquidating agent in connection with the liquidation of the Exchange Trust Company during the year 1937 and the first three months of 1938; that she was employed as a stenographer and clerk and that she received a salary of $150 per month for January and February of 1937 and a salary of $200 per month thereafter; that during the year 1937 she was paid by the Bank Commissioner the sum of $10,875; that she was entitled, under her employment, to the sum of $2,300, therefore, the balance of $8,575 paid to the said Mildred D. Bestic was paid without authority of law.

The court further found that during the same year, 1937, T. Austin Gavin was employed as attorney by said commissioner in the liquidation of said trust company and was paid the sum of $5,000, whereas under the statutes of Oklahoma the commissioner was allowed to pay attorney's fees not to exceed $4,000 and that, therefore, the $1,000 was paid to the said T. Austin Gavin without authority of law, and because of said illegal payments, the court surcharged the commissioner the sum of $9,575.

On the 12th of October, 1938, in the same case, the same court, upon an examination of the report of the commissioner for the first quarter of the year 1938, found that the commissioner had paid to the said Mildred D. Bestic the sum of $1,425 for three months' services when her salary was $600, therefore, $825 of said sum was paid to the said Mildred D. Bestic without authority of law, and because of said illegal payment the court surcharged the commissioner on account of the payment to Mildred D. Bestic, the sum of $825.

The orders of the court were rendered in the form of judgments, the two judgments amounting to $10,400.

The judgments of the District Court of Tulsa County, above referred to, were

final in that no appeal was taken from either judgment and the plaintiff in this case brings this action to recover from the surety company the sum of $10,400 with interest, the amount found by the District Court of Tulsa County to have been excessive and illegal charges and which amounts were surcharged by the said court to the Bank Commissioner.

It is the contention of the defendant that the orders entered by the District Court did not amount to judgments, that there was no judicial determination and that the court acted in an administrative capacity.

Section 81, Article 1, Chapter 40, S. L.1936–1937, 6 Okl.St.Ann. § 162m, provides in part: "* * * The compensation of the liquidating agent, counsel and employees of such failed bank and all expenses of liquidation, including reasonable and necessary expenses incurred in the office of the Bank Commissioner prorated among all insolvent banks in process of liquidation, shall be fixed by the Commissioner subject to the approval of the District Court or a Judge thereof, * * *."

Section 76 of the same Act, 6 Okl.St. Ann. § 162h, provides: "In the event the Bank Commissioner shall proceed to wind up the affairs of any bank or trust company, as provided for in Section 75 of this Article, the Bank Commissioner may appoint such liquidating agents, attorneys and employees as may be necessary to assist in the liquidation of the assets of said failed bank. Such liquidating agents shall, before entering upon the duties of their office, execute to the State of Oklahoma a Fidelity Bond in such amount as the Bank Commissioner shall designate, such bond to be approved by the Bank Commissioner and filed in his office. The bond of such liquidating agent shall be conditioned upon the faithful accounting to the Bank Commissioner for all moneys, funds and assets as shall come into his possession as such liquidating agent upon the demand of the Bank Commissioner. The compensation of such liquidating agents or attorneys shall not exceed the sum of Four Thousand ($4,000.00) Dollars, per year. Every liquidating agent selected by the Bank Commissioner must be approved by the Banking Board and the salary of said liquidating agent shall be fixed by the Bank Commissioner, with the approval and consent of the Banking Board. Such liquidating agents and attorneys shall hold their office at the will and pleasure of the Bank Commissioner and such liquidating agents shall submit to the Bank Commissioner a verified monthly account, giving in detail a statement of all receipts and disbursements made from the assets in their possession, and each three (3) months after the appointment of such liquidating agent, he shall file with the Court of the County in which said bank was located, a complete statement setting forth in detail all receipts and disbursements for such period of time. No disbursements of the assets of the said banking corporation shall be made, except upon the order of the Bank Commissioner. The Bank Commissioner shall have power and authority to institute and prosecute all suits necessary for the liquidation of the assets of the insolvent corporation taken over by him, and such suits shall be brought in the name of the State of Oklahoma, on the relation of the Bank Commissioner. If, after the liquidation of such insolvent corporation, the depositors and creditors of the same have been paid in full and there remain in the hands of the Bank Commissioner any assets, such remaining assets shall be by the Bank Commissioner delivered to the stockholders of said insolvent corporation as hereinafter provided. Nothing herein shall operate to deprive the State of Oklahoma of any lien that it may have on the assets of any bank that may have been adjudged insolvent prior to the passage and approval of this Act."

It is the contention of the plaintiff that the Bank Commissioner is a statutory receiver in all cases of failed banks and that while he is not appointed by the court and while his appointment is fixed by statute, still his acts are reviewable by the district court of the county in which the bank is situated; that the fees which he may authorize are fixed by statute and that in the event he, through negligence, carelessness or design, expends sums for fees or employees in excess of that fixed by statute, said excess payments are illegal, unauthorized by statute, and that, therefore, his official bond is liable for the repayment of said excess fees.

It is a further contention of the plaintiff that when these various reports were filed with the clerk of the court, given a court number and said matters were set

for hearing, the district court had jurisdiction of the parties and of the subject matter and the court's decision on a question of whether or not fees paid by the commissioner were in excess of those provided by statute constituted a judgment of the court, which judgment had the same binding effect upon the parties as any other judgment rendered by a district court.

It is just a little difficult to understand how a judge of a district court, acting in the capacity in which the court acted in this case, could act in any other than a judicial capacity. The court certainly had no information on the affairs of the bank except such as was contained in the records filed with the clerk of his court or introduced in evidence in the case. There are instances where courts may act in an administrative capacity but in such cases those powers of the court are definitely fixed by statute. But where a court is asked to determine whether or not an act is legal or illegal, he acts in a judicial capacity.

Without reviewing the long list of authorities cited in the briefs filed in this case, this court is of the opinion that the so-called judgments rendered by the District Court of Tulsa County, and unappealed from, constituted valid final judgments of the court, and they are made the basis of the action in this case.

The court further finds that on the 17th day of May, 1937, the defendant Howard C. Johnson had executed two indemnity bonds, one in the sum of $50,000 by the Maryland Casualty Company and one in the sum of $25,000 by the Metropolitan Casualty Insurance Company of New York, guaranteeing the faithful performance of his duties as Bank Commissioner and furthermore that he would honestly account for all moneys coming into his hands as said Bank Commissioner for the term beginning January 23, 1935.

The defendant Maryland Casualty Company, by special pleading, prays that the Metropolitan Casualty Insurance Company be made third party defendant in this cause and has set up the execution of the bond by said Metropolitan Casualty Insurance Company as the basis for its prayer.

The Metropolitan Casualty Insurance Company has filed its motion to dismiss.

The motion to dismiss is overruled, an exception is allowed, the said company is made third party defendant and is given fifteen days to answer.

A proper demand has been made upon the Bank Commissioner for the repayment of the sums included in the judgments but the commissioner has failed and refused to pay same or any portion thereof. A proper demand has been made upon the defendant Maryland Casualty Company and it has refused payment for the reasons hereinbefore stated.

Judgment will be rendered in favor of the plaintiff and against the defendants Howard C. Johnson and Maryland Casualty Company as prayed for, not to exceed the sum of $10,400 and interest. The court will retain jurisdiction of this case for determining the issues as between the Maryland Casualty Company and the Metropolitan Casualty Insurance Company. Findings of fact, conclusions of law, and a form of judgment consistent with this opinion may be submitted within ten days. An exception is allowed.